UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22874-CIV-SEITZ
(09-20010-CR-SEITZ)
MAGISTRATE JUDGE P. A. WHITE

ROBERT FIGUEREDO,             :

    Movant,               :

v.                            :           REPORT OF
                                        MAGISTRATE JUDGE
UNITED STATES OF AMERICA      :

    Respondent.           :
_____

## Introduction

This matter is before the Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentences for multiple firearm and drug offenses, entered following a guilty plea in Case No. 09-20010-Cr-Seitz.

The movant's sole claim is that his sentence should be reduced pursuant to the Fair Sentencing Act of 2010, enacted on August 3, 2010, which, like Kimbrough, supra reduces the drug quantity ratio between crack cocaine and powder cocaine from 100:1 to 18:1, and that he wanted his attorney to raise this issue on appeal.

The Fair Sentencing Act ("FSA") of 2010, Pub.L. 111-124 Stat. 2372 (Aug. 3, 2010), signed by the President on August 3, 2010, amends several subsections of 21 U.S.C. §841 to decrease the criminal penalties for particular crack cocaine offenses. 124 Stat. 2372. The Fair Sentencing Act of 2010, however, does not

justify a reduction in the movant's sentence because it does not apply retroactively. Courts first look to the intent of Congress in determining whether a statutory amendment is retroactive. See, e.g., Landgraf v. USI Film Prods., 511 U.S. 244, 280 (1994) ("When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach.").

Where, as here, the amendment affects "substantive rights, liabilities, or duties" and there is no statement from Congress that the amendment affecting should apply retroactively, courts presume it applies only prospectively to future conduct. Id. at 278; see also Greene v. United States, 376 U.S. 149, 160 (1964) ("[T]he first rule of [statutory] construction is that legislation must be considered as addressed to the future, not to the past." (quotation marks omitted)). This result is confirmed by the well-settled rule that in the absence of contrary Congressional intent, an amendment changing the available punishment for a crime applies prospectively, not retroactively. See 1 U.S.C. §109 ("The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."); Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 661 (1974) (collecting cases for the proposition that 1 U.S.C. §109 "has been held to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense").

See also United States v. Carradine, 621 F.3d 575 (CA 6 Ohio

2010). In Carradine, the defendant possessed 19 grams of crack cocaine and was thus subject to the statutory minimum mandatory under the old version of the law, but not under the new version. Id. at 4. Therefore, the defendant argued that the new version of the statute should apply to him. Id. The court rejected this argument, finding the Fair Sentencing Act of 2010, contained no express statement that it is retroactive nor could the court infer any such express intent from its plain language. Id. Thus, the court applied the penalty in place at the time the movant committed the crime in question.[1] Like the defendant in Carradine, the Eleventh Circuit has also recently held that because the FSA took effect in August 2010, after the defendant committed his offenses, the §109 barred the FSA from affecting the defendant's sentence. See United States v. Gomes, 621 F.3rd 1343 (11th Cir. 2010).

Thus, the FSA contains no express statement that it is retroactively applicable, nor is there any authority or evidence in the text or legislative history of the FSA of 2010 to support such a finding. Consequently, the movant's claim is premature. Further, counsel is not required to raise issues without merit, nor to raise issues on appeal which have little or no chance of success. See: Card v. Dugger, 911 F.2d 1494, 1520 (11 Cir. 1990).

---

[1] In so finding, court noted that the "general savings statute," 1 U.S.C. §109, required it to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application. See Id. (citing Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 660 (1974); United States v. Avila-Anguiano, 609 F.3d 1046, 1050 (9th Cir. 2010); United States v. Smith, 354 F.3d 171, 174 (2d Cir. 2003); Korshin v. Comm'r, 91 F.3d 670, 673-74 (4th Cir. 1996).

## Conclusion

It is therefore recommended that the motion to vacate be dismissed without prejudice to renew if Congress determines that the Act should be applied retroactively.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 19th day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Robert Figueredo, Pro Se
    Reg. No. 81682-004
    FCI-Victorville

    Monique Botero, AUSA
    United States Attorney's Office- Miami
    Attorney of record